UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-5435-E | Date | September 21, 2026 |
| Title | G.B. v. TODD BLANCHE, ETC., ET AL. | | |

| | |
|---|---|
| Present: The Honorable | Charles F. Eick, United States Magistrate Judge |

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS)**

On September 17, 2026, Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." and a "Motion for a Temporary Restraining Order and Preliminary Injunction" ("the Motion"). The Court ordered Respondents to file a response to the Motion on or before 8:30 a.m. on September 21, 2026. See Minute Order, filed September 18, 2026. Respondents failed to do so. In the future, Government counsel shall heed court-ordered deadlines.

**BACKGROUND**

Petitioner, a citizen of El Salvador, entered the United States and was detained by immigration authorities in January of 2024. In July of 2024, Petitioner was ordered removed to El Salvador, but was granted withholding of removal under the Convention Against Torture. Petitioner then was released and given work authorization.

More than two years later, on September 15, 2026, agents of ICE re-detained Petitioner without notice or an opportunity to be heard. ICE agents reportedly have presented Petitioner with the choice of a voluntary removal to Mexico or a compulsory removal to an African country.

The Motion seeks, inter alia, an order requiring Petitioner's release from ICE detention and preventing his re-detention without a hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-5435-E | Date | September 21, 2026 |
| Title | G.B. v. TODD BLANCHE, ETC., ET AL. | | |

**DISCUSSION**

Under Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) ("Winter"), a party seeking a temporary restraining order ("TRO") must establish four elements: "(1) a likelihood of success on the merits, (2) that the [party] will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in [his] favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. at 20); see also Fed. R. Civ. P. 65. Courts in this Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the [party]," and so long as the other Winter factors are also met. Id. at 1132.

In the present case, Petitioner has established the required elements for a TRO mandating his immediate release from detention. The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to an order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025); Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394

(W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

In the present case, Petitioner is likely to succeed on claims that his re-detention violated his due process rights. See Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025) (applying Mathews to find that re-detention of alien without the possibility of re-release violated due process); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025) (applying Mathews to find a likelihood of a due process violation where ICE re-detained without a hearing an alien who had been on immigration supervision); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14 (D. Nev. Nov. 3, 2025) (finding violations of procedural and substantive due process in circumstances legally indistinguishable from the present circumstances); accord Pinchi v. Noem, 2025 WL 3691938, at *30-31; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025) (released alien has constitutionally protected liberty interests in remaining out of custody); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025) (same); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated"). Without notice or an opportunity to be heard, ICE abruptly re-detained Petitioner. This re-detention likely violated Petitioner's due process rights. See id.; see also Delkash v. Noem, CV 25-01675-HDV(AGR) (C.D. Cal. Aug. 25, 2025) (Dkt. 18, pp. 7-9); Perez-Escobar v. Monez, 2025 WL 2084102, at *2 (D. Mass. July 24, 2025).

Furthermore, it appears likely that the Government's efforts to remove Petitioner to a third country without an opportunity to be heard also violated Petitioner's due process rights. "Courts in this District and others have repeatedly ruled that detainees have due process rights to notice and an opportunity to be heard before being deported to a third country." Abramian v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-5435-E | Date | September 21, 2026 |
| Title | G.B. v. TODD BLANCHE, ETC., ET AL. | | |

Bondi, 2026 WL 166907, at *7 (C.D. Cal. Jan. 16, 2026). "This flows from the rule that '[i]mmigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment.'" Id. (citing and quoting Vilchez v. Holder, 682 F.3d 1195, 1199 (9th Cir. 2012)). "Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process." Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999). In the present case, due process likely requires that Petitioner receive a hearing before an immigration judge regarding any possible removal to a third country (for purposes of seeking withholding of deportation or otherwise). See, e.g., Castillo v. Chestnut, 2026 WL 121652 (E.D. Cal. Jan. 16, 2026); Abubaka v. Bondi, 2025 WL 3204369, at *6-7 (W.D. Wash. Nov. 17, 2025).

Therefore, Petitioner has established a likelihood of success on the merits. For the reasons stated in the Petition and the Motion, it is manifest that the other Winter elements are also satisfied. Under all of these circumstances, the most appropriate remedy would be to release Petitioner on reasonable conditions, restrain his re-detention without a hearing and require a hearing before an immigration judge regarding any possible removal to a third country. See Ramirez-Serna v. Mullin, 2026 WL 1514337, at *7 (C.D. Cal. May 28, 2026); Maciel v. Noem, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); Castillo v. Chestnut, 2026 WL 121652; see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention").

**CONCLUSION**

It is ordered that the Motion is granted in part. Respondents are ordered to release Petitioner (A# 245-723-096) from detention immediately, subject to reasonable conditions.

It is further ordered that Respondents are enjoined from further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-5435-E | Date | September 21, 2026 |
| Title | G.B. v. TODD BLANCHE, ETC., ET AL. | | |

It is further ordered that Respondents are enjoined from attempting to remove Petitioner to a third country without first providing Petitioner with a hearing before an immigration judge (for purposes of seeking withholding of deportation or otherwise).[1]

It is further ordered that, on or before September 28, 2026, Respondents shall file a report discussing: (1) compliance with this Order; and (2) the nature and timing of any necessary further proceedings in this case.

cc: Petitioner
All Counsel of Record

Initials of Deputy Clerk bm

[1] No security is ordered because requiring security "would have a negative impact on [Petitioner's] constitutional rights, as well as the constitutional rights of other members of the public." Baca v. Moreno Valley Unified School District, 936 F. Supp. 719, 738 (C.D. Cal. 1996); see Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (despite the seemingly mandatory language of Federal Rule of Civil Procedure 65(c) the district court has discretion regarding whether to require security when granting interim injunctive relief).