**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

G.B.,

Petitioner,

v.

TODD BLANCHE, ETC., ET AL.,

Respondents.

No. ED CV 26-5435-E

ORDER FOR ENTRY OF JUDGMENT

**PROCEEDINGS**

On September 17, 2026, Petitioner, then a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") and a "Motion for a Temporary Restraining Order and Preliminary Injunction" ("the Motion"). On September 21, 2026, the Court granted the Motion in part and ordered the following interim relief:

Respondents are ordered to release Petitioner (A# 245-723-096) from detention immediately, subject to reasonable conditions.

///

///

It is further ordered that Respondents are enjoined from further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.

It is further ordered that Respondents are enjoined from attempting to remove Petitioner to a third country without first providing Petitioner with a hearing before an immigration judge (for purposes of seeking withholding of deportation or otherwise).

In compliance with the directives of the Court, Respondents filed "Federal Respondents' Status Report" on September 28, 2026, and Petitioner filed a "Traverse, etc." on October 6, 2026. In the Status Report, Respondents: (1) represent that Petitioner has been released from detention; (2) argue that the Petition should be dismissed as moot; and (3) argue that, in any event, the Court should not place any procedural restrictions on the re-detention of Petitioner. In the Traverse, Petitioner: (1) denies that the Petition is moot; (2) argues in favor of procedural restrictions on re-detention; and (3) complains that the conditions attending Petitioner's release have included an ankle monitor.

## DISCUSSION

### I. The Petition is Not Moot.

The granting of a temporary restraining order or a preliminary injunction does not moot the merits of a habeas petition. See Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality opinion stating that an immigration detainee's release on bond following a preliminary injunction did not moot a habeas petition where the preliminary injunction had not been made

permanent); accord Cruz v. Lyons, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); Ortiz Martinez v. Wamsley, 2025 WL 2899116, at *3-4 (W.D. Wash. Oct. 10, 2025). The interim injunctive relief granted in the present case pending a final adjudication of the Petition would not be of any continuing legal effect if this case were closed without further action or judgment. See Rodriguez v. 32nd Legislature of Virgin Islands, 859 F.3d 199, 207 (3d Cir. 2017) ("[a] preliminary injunction cannot survive the dismissal of a complaint") (quoting Venezia v. Robinson, 16 F.3d 209, 211 (7th Cir.), cert. denied, 513 U.S. 815 (1994)); Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1253 n.10 (10th Cir. 2006) (preliminary injunction "is ipso facto dissolved by a dismissal of the complaint or the entry of a final decree in the cause") (quoting Fundicao Tupy S.A. v. United States, 841 F.2d 1101, 1103 (Fed. Cir. 1988)). Accordingly, because Petitioner faces a threat of unlawful re-detention absent permanent injunctive relief, the Petition continues to present concrete, collateral consequences that may be redressed. See id.; see also Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007), cert. denied, 552 U.S. 1267 (2008) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.").

In similar circumstances, other judges of this Court have reached the conclusion that a former immigration detainee's habeas corpus petition was not mooted by interim injunctive relief resulting in the petitioner's release from incarceration. See, e.g., Min v. Santacruz, 2026 WL 712965, at *2-3 (C.D. Cal. March 9, 2026), adopted, 2026 WL 1094758 (C.D. Cal. Apr. 22, 2026); Carballo v. Semaia, 2026 WL 381608 (C.D. Cal. Feb. 10, 2026); Im v. Semaia, 2026 WL 183856 at *1 (C.D. Cal. Jan. 23, 2026); N.Y.V.D. v. Santracruz, 2026 WL 45268 (C.D. Cal. Jan. 6, 2026); Cruz v. Lyons, 2025 WL 3443146; but see Hernandez Trujillo v. Janeka, 2026 WL 84314 (C.D. Cal. Jan. 12, 2026).

Furthermore, release from incarceration is not the only relief which properly may be sought by a habeas petition. See 28 U.S.C. § 2243 ("the court shall . . . dispose of the matter

as law and justice require"); Carafas v. LaVallee, 391 U.S. 234, 238-39 (1968) ("once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings . . ."; section 2243 contemplates "the possibility of relief other than immediate release from physical custody"). Here, the Petition seeks procedural protections not only against re-detention but also against removal to a third country.

## II. Procedural Protections Against Re-Detention are Within this Court's Jurisdiction to Order, and Such Protections Remain Appropriate.

On the record presented, Petitioner continues to face a threat of re-arrest and detention, as well as a threat of removal to a third country. Respondents offer no assurance that the unlawful actions that precipitated the September 21, 2026 interim injunctive relief will not recur.

An injunction against re-detention in such circumstances has become a common remedy. Numerous judges of this Court, as well as other judges within the Ninth Circuit, have granted injunctions against the re-detention of former immigration detainees, often while explicitly rejecting arguments attempting to impugn the Court's jurisdiction to do so. See, e.g., Singh v. Warden, 2026 WL 2276888 (C.D. Cal. Aug. 6, 2026); M.S. v. Chestnut, 2026 WL 2110882 (E.D. Cal. July 22, 2026); R.N.G. v. Semaia, 2026 WL 2089544 (C.D. Cal. July 14, 2026); Cu v. Marin, 2026 WL 1999356 (C.D. Cal. July 9, 2026); P.M.A. v. Warden, 2026 WL 1983415 (E.D. Cal. July 8, 2026); Zhao v. Semaia, 2026 WL 1786805 (C.D. Cal. June 22, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368 (C.D. Cal. June 3, 2026); Mendoza v. Blanche, 2026 WL 1383273 (D. Nev. May 18, 2026); Molina v. Dicus, 2026 WL 1454998 (C.D. Cal. May 18, 2026); Bekhoev v. Marin, 2026 WL 1365631 (C.D. Cal. April 28, 2026); Le v. Chestnut, 2026 WL 809891 (E.D. Cal. March 24, 2026); Meza-Hernandez v. Marin, 2026 WL 561381 (C.D. Cal. Feb. 25, 2026); Singh v. Marin, 2026 WL 431142 (C.D. Cal. Feb. 13, 2026).

Although case law is not entirely uniform, the reasoning in the above-cited cases is persuasive. The Court has jurisdiction to enter and will enter a final judgment granting the relief the Court previously granted to Petitioner on an interim basis.[1]

## CONCLUSION

For the reasons stated herein, as well as the reasons stated in the Minute Order, filed September 21, 2026, it is ordered that: (1) Petitioner' September 15, 2026 re-detention violated Petitioner's due process rights; (2) Respondents are enjoined from further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk; and (3) Respondents are enjoined from attempting to remove Petitioner to a third country without first providing Petitioner with a hearing before an immigration judge (for purposes of seeking withholding of deportation or otherwise).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 7, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has failed to demonstrate that any additional or different habeas relief is appropriate. In particular, Petitioner has failed to demonstrate that the requirement of an ankle monitor as a condition of release is unreasonable under the circumstances presented.